UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,

        Plaintiff,        **MEMORANDUM AND ORDER**

     v.        Civil Action No. 04-5008

CARMEN ESTRADA,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**Appearances:**

**Michael T. Sucher, Esq.**
Attorney for Plaintiff
26 Court Street, suite 2412
Brooklyn, New York 11242

**Carmen Estrada**
Pro Se
P.O. Box 7435
Hicksville, New York 11802

**HURLEY, Senior District Judge**

     Presently before the Court is Defendant's motion to vacate an Order of this Court, dated July 5, 2005, granting Plaintiff's motion for a default judgment and referring the matter to Magistrate Judge Lindsay for an inquest on damages and attorney's fees. For the reasons set forth below, the motion is denied.

     This action was commenced on behalf of the United States to collect for amounts allegedly due from Defendant on a student loan. Defendant is in default, never having answered the summons or complaint served on her on May 10, 2005.

1

In her application, defendant admits that she borrowed $2,500.00 plus interest and that she made no payments. She claims she never benefitted from the course she took. She has apparently offered to pay $3,000 (with funds from her son) to satisfy the loan, an offer that was refused. She claims she is unable to repay the loan without much financial hardship.

*DISCUSSION*

The Second Circuit has established the following criteria for determining whether a motion to vacate a default judgment pursuant to Fed. R. Civ. Pro. 60(b)[1] should be granted: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and 93) whether, and to what, extent, vacating the default will cause the non- defaulting party prejudice." *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004). In applying this test to the Defendant's submission, this Court is mindful of its obligation to liberally construe pro se pleadings "to raise the strongest argument they might suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999).

In her submission, Defendant admits that "demand was made upon her as of May 2005" but contends she has not refused to pay. Rather she has attempted to settle the matter with Plaintiff's counsel. Generously construed, this supports a finding that Defendant's default was not willful.

The second factor to be considered is whether defendant demonstrates the existence of a meritorious defense. Whether a defense is meritorious is measured by "whether the evidence submitted, if proven at trial, would constitute a complete defense." *State Street Bank*, 374 F.3d

---

[1] Rule 55(c) of the Federal Rules of Civil Procedure expressly allows for the setting aside of a default judgment pursuant to Rule 60(b).

at 167 (quoting *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 98 (2d Cir. 1993). Defendant's submission does not contain any meritorious defense. She admits that she took out the loan for $2,500.00 and that she has not paid it back. Lack of benefit from the courses she took with the proceeds of the loan does not constitute a defense to repayment. *Cf. In re McClaire,* 272 B.R. 42 (Bankr. D. N.H. 2002) (subjective value of education irrelevant to dischargability of student loan). Defendant appears to disputes only the amount owed. Defendant may address her arguments concerning the amount owed at the inquest on damages.

Having determined that defendant has not offered a meritorious defense, it is unnecessary to address whether vacatur of the default judgment would subject the Plaintiff to prejudice. The absence of a meritorious defense is sufficient to support the denial of defendant's Rule 60(b) motion. *See State Street Bank,* 374 F.3d at 174 (citing *Commercial Bank of Kuwait v. Rafidain Bank.,* 15 F.3d 238, 244 (2d Cir. 1994)).

For the reasons set forth above, Defendant's motion to vacate the default is denied. This matter is referred to Magistrate Judge Lindsay for an inquest on damages and attorney's fees.

    **SO ORDERED**

Dated: Central Islip
    October 20, 2006        /s/
                                      Denis R. Hurley
                                      United States Senior District Judge