UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                    Plaintiff,

            -against-

CARMEN ESTRADA,
                    Defendant.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 04-5008 (DRH)(ARL)

**ARLENE R. LINDSAY, United States Magistrate Judge:**

This matter was referred to the undersigned on October 23, 2006, for the purpose of issuing a report and recommendation with respect to the appropriate amount of damages, attorneys' fees, and costs to be awarded to the plaintiff in connection with a default judgment entered by Judge Hurley on July 5, 2005. For the reasons set forth herein, the undersigned recommends that the plaintiff, United States of America, be awarded damages in the amount of $5,192.93, plus interest at a rate of 8.00% from July 20, 1999 to the date of judgment, costs in the amount of $125.00, and attorneys' fees in the amount of $1,345.79.

**BACKGROUND**

On March 18, 2005, the plaintiff, United States of America, commenced this action by filing a copy of the summons and complaint with the court. The defendant, Carmen Estrada ("Estrada") was served with a copy of the summons and complaint on May 12, 2005. *See* Aff. of Service dated May 13, 2005. Estrada failed to answer, appear, or otherwise move. Accordingly, the plaintiff moved for a default judgment on June 30, 2005, which was granted by order dated July 5, 2005.

Thereafter, the court received a letter from Irene Vasquez, Estrada's daughter-in-law,

requesting that the court reconsider the judgment entered in the action. *See* Vasquez letter dated July 29, 2005. Treating the letter as a motion to vacate the default judgment, Judge Hurley permitted both sides to submit papers in support of their position concerning the motion to vacate. After reviewing the parties' submissions, Judge Hurley determined that the defendant had not set forth a meritorious defense and denied the motion to vacate the default. *See* Decision and Order dated October 20, 2006. The plaintiff now seeks an award of damages and costs, including attorneys' fees, in connection with the default judgment.

## DISCUSSION

Because the plaintiff seeks a sum certain in this action, a detailed analysis of damages is unnecessary. The plaintiff seeks recovery on one note, as follows:

Claim No. C99-16979W

| | |
|---|---|
| Principal[1] | $2,692.20 |
| Total Interest through July 20, 1999: | $2,490.73 |
| Total Owed | $5,182.93 |

Accordingly, the undersigned recommends that damages be awarded in the principal amount of $2,692.20, plus interest through July 20, 1999 in the amount of $2,490.73, and additional interest from July 20, 1999 to the entry of judgment at a daily rate of $.59 per day pursuant to the Certificate of Indebtedness certified by the United States Department of Education, attached to the complaint as Exhibit A.

---

[1]The promissory note executed by Estrada secures a loan in the amount of $2,500. The principal amount reflected above is the amount paid by the guaranty agency after Estrada defaulted and the holder of the note, Norwest Bank South Dakota, NA, filed a claim on the guarantee.

In addition to damages, the plaintiff seeks an award of costs, including attorneys' fees, as collection fees in this matter. The assessment of collection fees against defaulted federal loans is authorized by regulations enacted pursuant to the Higher Education Act of 1965 (HEA), 20 U.S.C. §1071, *et seq*. One such regulation sets forth the mandatory terms of a federal student loan, and requires a promissory note to "state that the borrower shall pay all attorney's fees and other loan collection costs and charges." 34 C.F.R. §674.31. The promissory notes executed by Estrada on September 17, 1985 provides that if Estrada defaults, she "will also pay all charges and other costs - including attorney's fees - that are permitted by federal law and regulations for the collection of these amounts." Federal law and regulations permit the imposition of collection charges in "an amount equal to the reasonable costs incurred by the agency in collecting a loan on which the agency has paid a default or bankruptcy claim. These costs may include, but are not limited to, all attorney's fees, collection agency charges and court costs." 34 C.F.R. §682.410(b)(2). The plaintiff is thus entitled to reasonable costs, including reasonable attorney's fees.

**A. Costs:**

The plaintiff seeks $275 in costs, consisting of $150 in filing fees, $115 for service of the summons and complaint, and $10 in administrative/collection costs. The United States is not required to pay a filing fee when initiating an action in federal court; no such payment is reflected in the Civil Docket for this case; and the plaintiff has not provided a receipt for payment of any fee. Thus, the $150 should be denied. The $115 service fee and the $10 administrative fee, on the other hand, is substantiated by the invoice from Federated Legal Services, Inc. and the Certificate of Indebtedness, and that amount should be awarded.

### B. Attorneys' Fees:

The plaintiff also seeks an award of attorneys' fees equal to 20% of the amount due, here, $1,345.79. The plaintiff contends that a fee of 20% of the recovery is "in line with the percentage awarded as reasonable attorney's fees by the federal courts." Sucher Aff. ¶7. The plaintiff is correct. In *U.S. v. Vilus*, Judge Sifton determined that an award of 20% was reasonable. *See U.S. v. Vilus,* 419 F. Supp. 2d 293 (E.D.N.Y. 2005). In so doing, Judge Sifton reasoned that any private attorney who enters into a contingency contract with the Government to collect on the student loans it issues each year is aware that most of them will not be collected since not all debtors pay. *Id.* at 299. Therefore, "[a] debtor who does pay . . . pays attorneys fees at a higher rate than he would if all debtors paid their judgments and higher than the amount he would pay if the Government hired attorneys at an hourly rate." *Id.* at 300. The undersigned agrees with Judge Sifton's rationale, and thus, recommends that the plaintiff be awarded attorneys' fees in the amount of $1,345.79.

### OBJECTIONS

The plaintiff is directed to serve a copy of this Report and Recommendation on the defendant by certified mail, return receipt requested. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      January 5, 2007                                                                           /s/
                                                                                    ARLENE R. LINDSAY
                                                                                   United States Magistrate Judge